IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 2 2000

MICHAEL N. MILBY, CLERK

| | |
|---|---|
| RHONALD MARTINEZ, § | |
|     Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. C-00-002 |
| § | |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| INSTITUTIONAL DIVISION, § | |
|     Respondent. § | |

**RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, respondent herein ("the Director"), by and through his attorney, the Attorney General of Texas, and files this Motion for Summary Judgment with Brief in Support.

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**DENIAL**

The Director denies each and every allegation of fact made by petitioner ("Martinez"), except those supported by the record and those specifically admitted herein.

**III.**

**STATEMENT OF THE CASE**

The Director has lawful custody of Martinez pursuant to two judgments and sentences of the 167th District Court of Travis County, Texas, in cause numbers 88,319 and 88,320. *See* TDCJ-ID

"COMMITMENT INQUIRY" attached hereto as Exhibit A. Martinez pleaded not guilty in each case, and was found guilty of aggravated robbery in both, and on October 28, 1987, punishment was assessed at imprisonment for eighty years (cause number 88,319) and ninety-nine years (cause number 88,320) to be served concurrently. Exhibit A.

A procedural history of any appeals or applications for state writ of habeas corpus challenging the holding convictions is not necessary for a resolution of the instant motion because the validity of the holding convictions is not at issue. Martinez is challenging a prison disciplinary proceeding, case number 990013551, wherein he was found guilty of possessing contraband.[1] Federal petition at 2; DP 1. The disciplinary hearing took place on September 18, 1998, and the disciplinary hearing officer assessed punishment at a loss of forty-five days commissary privileges, forty-five days recreation privileges, and his time-earning class was reduced from S3 to L1.[2] DP 1.

## IV.
## PETITIONER'S ALLEGATIONS

The Director understands Martinez's allegations to concern disciplinary case number 990013551 and to be as follows:

1. He was charged and sanctioned for the violation of no written disciplinary rule, because the alleged contraband is not described in the disciplinary rules.

2. He was falsely charged with a disciplinary offense in violation of Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") rules and policies concerning inmate correspondence.

---

[1] The disciplinary packet ("DP") from the disciplinary proceeding at issue and an affidavit of Thomas J. Prasifka will be forwarded to the court under separate cover. The Director has supplied page numbers for reference purposes.

[2] The disciplinary hearing officer also originally assessed a loss of 150 days good-time. DP 1. However, the warden nullified this loss of good-time, as indicated by the slash through the lost good-time, which is initialed by the warden. DP 1. Also, copies of a Texas Department of Criminal Justice "DISCIPLINARY RECORDS" printout and "RECORDS OFFICE" printout, showing Martinez's prison disciplinary history and the amount of good-time lost, attached hereto as Exhibit B, demonstrate that Martinez did not lose any good-time in disciplinary case number 990013551. The Director will also forward an affidavit to the court, as soon as it is received, further confirming that Martinez did not lose good-time in this case.

3. The evidence introduced at the disciplinary hearing was insufficient to support the findings and sanctions issued by the disciplinary hearing officer.

4. TDCJ-ID erred in denying his grievances.

## V.

## STATE COURT RECORDS

Records of Martinez's state trials, appeals and state habeas corpus proceedings will not be forwarded to the court, unless the court so requests, because they are unnecessary for the disposition of this motion.

## VI.

## EXHAUSTION OF STATE REMEDIES

The Director believes that Martinez has sufficiently exhausted his state remedies as required by 28 U.S.C. §2254(b), (c) with regard to the issues briefed in this motion; therefore, the Director does not move for dismissal for failure to exhaust.[3]

## VII.

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

### Standard of Review

A party moving for summary judgment bears the burden of informing the court of the basis for its motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record developed in the state courts shows that the Director is entitled to

---

[3] Martinez's disciplinary grievance packet ("DGP") and an affidavit of Brian K. Clendennen will be forwarded to the court under separate cover.

3

judgment as a matter of law.

In addition, Martinez filed the instant petition no sooner than December 21, 1999;[4] therefore, his petition is subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C.A. § 2254; *Lindh v. Murphy*, 117 S. Ct. 2059, 2061 (1997) (holding the AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996).

**Martinez's allegations do not state a basis for habeas corpus relief because he did not lose any good conduct time as a result of disciplinary case number 990013551.**

Martinez's punishment consisted of a loss of forty-five days commissary privileges, forty-five days recreation privileges, and his time-earning class was reduced from S3 to L1. DP 1. His claims do not present grounds for federal habeas corpus review because Martinez did not lose any good conduct time. The Due Process Clause is not implicated by the changes in the conditions of Martinez's confinement; therefore, he has not stated a claim that is entitled to federal habeas corpus relief.[5]

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S. Ct. 2293, 2297 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997); *Sandin*, 515 U.S. at 485, 115 S. Ct. at 2301; *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S. Ct. 2963, 2974 (1974). However, prisoners do not lose all constitutional rights when they are incarcerated. *Id.* In certain circumstances, states may create liberty interests which are protected by the Due Process Clause. *Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484, 115 S. Ct. at 2300. "[T]hese

---

[4] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system). Thus, the instant petition could not have been "filed" sooner than December 21, 1999, the date Martinez signed it. Federal petition at 7.

[5] Martinez is eligible for mandatory supervision. Exhibit B at TDCJ-ID "RECORDS OFFICE" printout.

4

interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. "[T]hese interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison*, 104 F.3d at 767.

Martinez's loss of commissary and recreation privileges are merely changes in the conditions of his confinement, and, therefore, do not implicate the protections afforded by the Due Process Clause. *See Madison* 104 F.3d at 768 (30-day commissary and cell restrictions do not implicate due process concerns); *see also Sandin*, 515 U.S. at 486, 115 S. Ct. at 2301 (no liberty interest is implicated by placement in administrative segregation).

The protections afforded by the Due Process Clause also are not implicated by the disciplinary hearing officer's finding that Martinez's time-earning class should be reduced. The Fifth Circuit has held that "the mere opportunity to earn good-time credits" does not constitute "a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1197, 116 S. Ct 1690 (1996). Martinez's custodial status will not "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302; *Luken*, 71 F.3d at 193. The possibility that Martinez's time-earning class "would affect when he was ultimately released from prison 'is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.'" *Luken*, 71 F.3d at 193 (quoting *Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302). Martinez has not shown that a change in his time-earning class "would automatically shorten his sentence or lead to his immediate release." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Unless a favorable determination would automatically entitle the petitioner to accelerated release, the allegations should be presented in a 42 U.S.C. § 1983 suit. *Id.* at 820-21, (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736 (1996)). Therefore, in this habeas corpus action, Martinez lacks standing to raise

allegations attacking the disciplinary proceeding in question.

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Martinez's petition for writ of habeas corpus be denied.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General for
Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

*Attorney in Charge

\*BROOKS MOORE
Assistant Attorney General
State Bar No. 24010246
Southern District Bar No. 24680

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Rhonald Martinez, petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

_____
BROOKS MOORE
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Brooks Moore, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion for Summary Judgment with Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 10th day of May, 2000, addressed to:

Rhonald Martinez
TDCJ-ID No. 476155
McConnell Unit
3001 S. Emily Drive
Beeville, Texas 78102

_____
BROOKS MOORE
Assistant Attorney General

A

```
CSIMF800/INI801                  MITMENT INQUIRY           6/00 10:03:00
INMTCICS/LSA2470 /V205   TDCJ-   NO: 00476155 SIDNO: 02600604
NAME: MARTINEZ,RHONALD        APPL:      STATUS: A RC ML S4   #OFF: 02
OLD TDC#: 00292868 CNTY CONV: 227                                65TH
OFF-REC:    1213 PRJ RL: 12-21-2024 REC:  03-18-1988 MAX-TERM: 99Y 0M 0D
PEN-REC: 029.030 MAX-EX: 07-18-2086 BEGIN: 07-18-1987 PAR-ELIG: 07-18-2007
                                             INMATE TYPE: ID
   OFFCD: 12130000 AGG ROBBERY W/DEADLY WPN     AGG DEADWPN FLAT-ONLY  65TH
    PENAL:029.030  MS:Y PLEA:N CAUSE:88,319          CNT:    OFF:07-18-1987
    CC  CNTY OFF:227  CNTY/CRT:227 167 MAX TERM:  80Y  0M  0D  BEG:07-18-1987
    MIN EXP:11-05-2017 MAX:07-18-2067 PAR ELIG:07-18-2007 SENTENCED:10-28-1987
    OFF TDCNO: 00476155                              CTO DATE 01-01-0001
   OFFCD: 12130000 AGG ROBBERY W/DEADLY WPN     AGG DEADWPN FLAT-ONLY  65TH
    PENAL:029.030  MS:Y PLEA:N CAUSE:88,320          CNT:    OFF:07-18-1987
    CC  CNTY OFF:227  CNTY/CRT:227 167 MAX TERM:  99Y  0M  0D  BEG:07-18-1987
    MIN EXP:12-21-2024 MAX:07-18-2086 PAR ELIG:07-18-2007 SENTENCED:10-28-1987
    OFF TDCNO: 00476155                              CTO DATE 01-01-0001


PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

B

```
CSIUCR09                  DATE: 03/20/00          SENTENCE:  0099 00 00
DISCIPLINARY RECORDS      TIME: 09:25:15          FLAT TIME: 0012 08 02
TDC NO: 00476155  NAME: MARTINEZ,RHONALD          GOOD  TIME: 0020 01 24
RACE: W  SEX: M   STATUS: S4       CUSTODY: MI    WORK TIME : 0000 00 00
EA SCORE: R NONE  PRIMARY LANGUAGE: ENGLISH       BONUS TIME: 0000 01 29
IQ:  86  CF SCORE: 000  MROP CODE:   PRIOR DISC:  TOTAL TIME: 0032 11 25
                                            TOTAL TIME LOST: 00000  DAYS
 OFF    HEAR   REPORT      OFF                  **********PENALTY(S)**********
 DATE   DATE   NUMBER      CODE DESCRIPTORS LVL  REP/SOL/CLASS/TIME/XD/CR/PR/CV
 091398 091898 19990013551 16.0              2 MA G        S3-L1            045
 052593 060593 19930160509 28.0              2 MI G X




                              END OF DATA


 ENTER THE NEXT TRANS CODE 06 AND/OR TDCNO _____
                              AND/OR SIDNO _____
 PF1-HELP, PF3-ADDTL RECORDS, PF4-PREV RECORDS, PF7-SELECT
```

```
            T. D. C. J.  -  INSTITUTIONAL DIVISION
           DATE 03/16/00       RECORDS OFFICE         TIME    03:04
TDCJID: 00476155 NAME: MARTINEZ,RHONALD              UNIT MCCONNELL
SENT. BEGIN DATE 07/18/1987 TDC RECEIVE DATE 03/18/1988
INMATE STATUS STATE APPROVED TRUSTY CLASS IV  B    LAST PCR REQUEST 03/31/93

       SENT. OF RECORD         00099 YRS 00 MOS 00 DAYS   MAND SUPV PAROLE
       FLAT TIME SERVED        00012 YRS 07 MOS 28 DAYS    012  %   012 %
       GOOD TIME EARNED        00020 YRS 03 MOS 17 DAYS    020  %   020 %
       WORK TIME EARNED        00000 YRS 00 MOS 00 DAYS    000  %   000 %

       MAND SUPV TIME CREDITS  00032 YRS 11 MOS 15 DAYS    032  %
       PAROLE TIME CREDITS     00032 YRS 11 MOS 15 DAYS              032 %
       DISCHARGE DATE WITH COMMUTATION AND TRUSTY TIME 12/21/2024

JAIL GOOD TIME RECD YES       NUMBER OF DETAINERS 00
GOOD TIME LOST 00000 DAYS     WORK TIME LOST 00000 DAYS
PAROLE STATUS   BPP DATE                       TDC CALC DATE 07/18/2007

*CALC PAROLE ELIG ON CALENDAR TIME

*MANDATORY SUPERVISION PROSPECT
REQUEST _____
CONDUCT RECORD:
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *RHONALD MARTINEZ,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. C-00-002 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## ORDER

Came on this day to be considered Respondent Johnson's Motion for Summary Judgment, and the court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

ORDERED, ADJUDGED and DECREED that Respondent Johnson's Motion for Summary Judgment is GRANTED, and the petition for writ of habeas corpus is DENIED.

SIGNED on this the _____ day of _____, 2000.

_____
JUDGE PRESIDING