IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED
JUN 28 2000
Michael N. Milby, Clerk of Court

| | |
|---|---|
| RHONALD MARTINEZ | § |
| | § |
| VS. | § C.A. NO. C-00-002 |
| | § |
| GARY L. JOHNSON | § |

## MEMORANDUM AND RECOMMENDATION
## ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this habeas corpus action, petitioner Rhonald Martinez ("Martinez") challenges as unconstitutional a prison disciplinary conviction in which he was found guilty of possessing contraband (DE #1). Respondent moves for summary judgment on the grounds that Martinez has failed to state a constitutional claim upon which habeas corpus relief can be granted because Martinez did not lose any earned good time credits as a result of the disciplinary conviction (DE #9). Martinez has failed to file a response to the motion for summary judgment.[1] For the reasons stated herein, it is recommended that respondent's motion for summary judgment be granted and that Martinez' petition be dismissed.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

---

[1] Under Local Rule 7.4, failure to file a response is taken as a representation of no opposition. See also Martinez v. Johnson, 104 F.3d 769 (5th Cir.), cert. denied, 522 U.S. 875, 118 S. Ct. 195 (1997)(affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment).

## II. BACKGROUND

Martinez is in the custody of the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") pursuant to two judgments and sentences entered in Cause Nos. 88,319 and 88,320, each styled The State of Texas v. Rhonald Martinez, in the 167th Judicial District Court of Travis County, Texas. RSJ[2] Ex. A. In both cases, Martinez was found guilty of aggravated robbery, and on October 28, 1987, Martinez was sentenced to eighty years imprisonment in Cause. No. 88,319, and to ninety-nine years imprisonment in Cause No. 88,320, to be served concurrently. RSJ Ex. A. Martinez does not challenge his aggravated robbery convictions in this proceeding.

In this petition, Martinez complains of a September 18, 1998 prison disciplinary hearing that he contends resulted in his loss of 150 days statutory good time and a reduction in his time earning status. FP[3] at 1. Martinez claims that on September 13, 1998, he received in the mail a document later determined to be a "security threat group letter." He claims that four hours after he received the letter, without having even read it, he was charged with possession of contraband in disciplinary case no. 990013551. FP at 2.

On September 17, 1998, Martinez was notified in writing of the charges against him and of his disciplinary hearing scheduled for

---

[2] "RSJ" refers to respondent's motion for summary judgment, DE #11.

[3] "FP" refers to Martinez' federal petition, DE #1.

2

September 18, 1998. FP. Att. A. The hearing was held on September 18, 1998, at which Martinez was present. FP. Att. A. Martinez was found guilty of possessing contraband, namely, a security threat group letter, and, according to the disciplinary hearing report attached to Martinez' petition as Attachment A, his punishment consisted of forty-five days loss of commissary and recreation privileges, reduction in time earning class from S3 to L1, and loss of 150 days earned good time credit.

Martinez filed step 1 and step 2 grievances challenging his disciplinary conviction. FP at 3. He claims his conviction was affirmed on both appeals because he admitted to receiving the mail. FP at 3.

Martinez filed the instant petition on January 3, 2000.

### III.  **EXHAUSTION**

A state prisoner challenging a prison disciplinary action must first exhaust his administrative remedies. <u>Gatrell v. Taylor</u>, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (inmate challenging disciplinary hearing must first exhaust the TDCJ grievance procedures); <u>Spaulding v. Collins</u>, 867 F. Supp. 499, 502 (S.D. Tex. 1993) ("because this case involves a prison disciplinary action, it is not reviewable by state courts and is properly brought by federal habeas corpus petition to this court" after exhaustion of the TDCJ grievance procedure). Martinez has filed both step 1 and step 2

3

grievances, and as such, has sufficiently exhausted his remedies provided by the TDCJ-ID inmate grievance system.

## IV. DISCUSSION

### A. Challenges to prison disciplinary "convictions."

Challenges to the loss of good time credits must be pursued in a habeas corpus proceeding. Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973)(habeas corpus is sole remedy in federal court for a prisoner seeking restoration of good time credits); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). See also Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997) (prisoner seeking § 1983 damages for false disciplinary "conviction" must first demonstrate that conviction has been invalidated through habeas corpus). A "conviction," for purposes of Preiser and Heck, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good time credits. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). A "conviction" in the prison disciplinary sense is "'the finding of guilt on the disciplinary charge...'" Clarke, 154 F.3d at 189 (citations omitted).

In this case, Martinez claims that he lost 150 days statutory good time credits. His challenge to his disciplinary conviction is properly maintained in a habeas corpus proceeding.

4

B.  **Respondent's motion for summary judgment.**

Respondent moves for summary judgment on the grounds that Martinez has failed to raise a constitutional claim upon which habeas corpus relief can be granted because, despite Martinez' claim to the contrary, Martinez did not lose any good time credits. According to respondent, although the disciplinary hearing officer originally assessed a loss of 150 days good time, the warden nullified this loss of good time. See DE #10 at 1, copy of the September 18, 1998, disciplinary hearing report in which the loss of good time days has been marked out and this change initialed by the warden. Respondent also points out that, according to the TDCJ Disciplinary Records, petitioner has never sustained a loss of good time credits. See RMJ Ex. B. Finally, in support of his motion for summary judgment, respondent offers the affidavit of McConnell Unit warden Thomas Prasifka wherein Prasifka states that Martinez did not lose 150 days good time credits as a result of his conviction in disciplinary case no. 990013551. See DE #11, Ex. A. Martinez has failed to refute this summary judgment evidence.

Because the summary judgment evidence establishes that Martinez did not lose any earned good time credits, Martinez fails to state a claim upon which habeas corpus relief can be granted. See Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995)(due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters).

5

Martinez also challenges the reduction in his time earning classification. FP at 2. A prisoner does not have a protected liberty interest in the mere opportunity to earn good time credits or to earn them at a specific rate. <u>Malchi v. Thaler</u>, 211 F.3d 953 (5th Cir. 2000)(change in prisoner's good-time-earning status is too speculative to afford him a constitutionally cognizable right to a particular time-earning status); <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995) (the loss of the opportunity to earn good time credits, which might lead to earlier release, is a collateral consequence of an inmate's custodial status, and such speculative, collateral consequences do not create protected liberty interests).

## V. **RECOMMENDATION**

For the foregoing reasons, it is recommended that respondent's motion for summary judgment be granted and that Martinez's § 2254 petition for habeas corpus relief be dismissed for its failure to raise a constitutional claim.

Respectfully submitted this 27 day of June, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

6

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).